UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOHN DOE (JLB),**<br><br>　　　　　　*Plaintiff*,<br><br>　v.<br><br>**DAVID RAUSCH, Director of the Tennessee Bureau of Investigation,** *in his official capacity* **and JEFF LONG, Commissioner of the Department of Safety and Homeland Security,** *in his official capacity*,<br>　　　　　　*Defendants*. | No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff John Doe (JLB) hereby submits the following for his Complaint against Defendant David B. Rausch in his official capacity and Jeff Long, in his official capacity:

### I.　　INTRODUCTION

Whether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.' The question is not merely the 'weight' of the individual's interest, but whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment.
*Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (quotation omitted)

The registration and reporting duties imposed on convicted sex offenders are comparable to the duties imposed on other convicted criminals during periods of supervised release or parole. And there can be no doubt that the "widespread public access,"[…] to this personal and constantly updated information has a severe stigmatizing effect. In my judgment, these statutes unquestionably affect a constitutionally protected interest in liberty.

*Smith v. Doe*, 538 U.S. 84, 112 (2003) (Stevens, J. concurring).

### INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause

prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. Plaintiff is a Tennessee resident who must comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 for the rest of his life. *See* Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2021) ("SORA").

3. Plaintiff was convicted of committing an offense that occurred (January 1, 1987 in Indiana) well before SORA (and its later amendments) took effect in 2004.

4. SORA imposes onerous restrictions on Plaintiff that burden his liberty in every aspect of his life. Plaintiff must report in person every calendar quarter and must report on 48 hours' notice for certain other reasons. Pursuant to SORA, the state of Tennessee publicly and falsely identifies Plaintiff as "violent." Plaintiff may not live, work, stand, "sit idly," or remain in vast areas of the state of Tennessee, especially within its cities and towns. Plaintiff must comply with these restrictions and obligations for the rest of his life. Any failure to comply is a felony punishable by a mandatory minimum prison term.

5. Individually and in combination, SORA's requirements and limitations are punitive in effect and therefore constitute an unconstitutional *ex post facto* law as applied to Plaintiff.

6. Further, the TBI Sex Offender Registry Unit's of SORA to the Plaintiff violates his due process rights.

7. Plaintiff seeks declaratory and injunctive relief barring SORA's application to Plaintiff.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of his rights under the United States Constitution.

9. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equi- table powers of this Court.

10. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## FACTS

### Tennessee's Sex Offender Registry Law

11. After multiple amendments to the original sex offender registry law was ultimately replaced by SORA, effective August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6 (West).

12. On March 2, 2013, Judge Aleta A. Trauger, United States District Judge for the Middle District of Tennessee issued a "memorandum" which stated that "the Court's holding in this case strongly suggests that Tennessee's policy of continuing to apply the Act [the SORA] to other individuals who committed pre-enactment offenses is unconstitutional." *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

13. Also in Judge Aleta A. Trauger's "memorandum" was a statement quoting Judge Richardson in *Doe #11 v. Lee*, No. 3:22-CV- 00338, 2022 WL 2181800 (M.D. Tenn. June 16, 2022 that "all *Ex Post Facto* Clause claims based on the Act, regardless of how they are characterized, must be evaluated 'based on the law's face, not based on its application to a specific plaintiff,' other than with regard to "the date that the particular plaintiff . . . committed his offense." *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

14. Although the 6th Circuit recently issued an opinion which remanded the John Doe #1-9 to Judge Trauger, the 6th Circuit clearly stated that certain provisions of Tennessee's SORA "pass constitutional muster. But those which mirror Michigan's 2006 and 2011 amendments to SORA, enjoined by *Snyder*, must fail." *Does #1-9 v Lee and Rausch,* 102 F.4th 330, 336 (6th Cir. 2024).

15. The court stated explicitly that

> A regulatory regime that severely restricts where people can live, work, and "loiter," that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting . . . is something altogether different from and more troubling than Alaska's first-generation registry law.

*Does #1-9 v Lee and Rausch,* 102 F.4th 330, 336 (6th Cir. 2024). The Court went on to say that the provisions of the amended SORA which "treat registrants like "moral lepers" and "consign[] them to years, if not a lifetime, of existence at the margins, not only of society, but often . . . from their own families." *Id*. Therefore, while these punishments may be inflicted on those convicted after the Act's effective date, they may not be retroactively enforced upon the Plaintiffs." *Does #1-9 v Lee and Rausch,* 102 F.4th 330, 336 (6th Cir. 2024).

16. The Act defines a sexual offender as "a person who has been convicted in this state of committing a sexual offense or has another qualifying conviction." *See* Tenn. Code Ann. § 40- 39-202(19).

17. The Act defines "sexual offense" as "**_the commission of any act, that prior to November 1, 1989, constituted the criminal offense of_** [26 enumerated now repealed offenses under Tennessee state law]." *See* Tenn. Code. Ann. § 40-39-202(20)(B) (emphasis added).

18. The Act defines "violent sexual offender" as "a person who has been convicted in this state of committing a violent sexual offense or has another qualifying conviction". *See* Tenn. Code Ann. § 40-39-202(30).

19. The Act defines a "violent sexual offense" as "**_the commission of any act that constitutes the criminal offense of_** [26 enumerated offenses including inchoate versions of offenses]." *See* Tenn. Code Ann. § 40-39-202(31) (emphasis added).

## II. PARTIES

**John Doe (JLB)**

19. Plaintiff's offense date is January 31, 1987 in Indiana; he was convicted of "child molesting." Ex. 1.

20. Upon moving to Tennessee he registered for SORA, was classified as a "sexual offender" and he remains under the supervision of the Tennessee Bureau of Investigation pursuant to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004. Tenn. Code Ann. §40-39-201, *et seq*.

21. Sometime after 2014, Plaintiff was forced to get a new driver license which included "Code 88" on it.

22. In early 2025, Plaintiff wrote the TBI requesting that he be removed from the SORA because he was eligible as a "sexual offender" to be removed from SORA (because he had been on the registry for ten (10) years). Tenn. Code. Ann. 40-39-207(b), (g).

23. In response to his request, on April 15, 2025, the TBI Sex Offender Registry Unit wrote Plaintiff denying his request because "we have determined that you should be registered as a 'violent sexual offender' rather than a 'sexual offender." The letter went on to state that "In addition, because the victim of your offense was '12 years of age or less,' your conviction requires you to be designated as an Offender against children." Exhibit 2.

24. Violent sexual offenders are required to comply with the Act for the remainder of their lives. Tenn. Code Ann. § 40-39-207(g)(2)(B);

25. The designation "Offender against children" also requires a person to comply with the Act for the remainder of their lives. T.C.A. §40-39-207(g)(2)(C).

26. On May 17, 2025, the undersigned attorney wrote the TBI requesting that the TBI

remove Plaintiff from the SOR. The letter set out four (4) different theories: 1) that Plaintiff should never have been placed on the SOR because "prior to November 1, 1989" there was no Tennessee crime that contained EXACTLY the same elements to Indiana's 1987 "child molesting" statute, 2) as a "sexual offender" Plaintiff was eligible to be removed from the SOR after 10 years, (3) the TBI's recent arbitrary and capricious action of "reclassification" of Plaintiff as a "violent" offender and (4) the TBI's recent designation as "an Offender against children" is punitive and prohibited by the ex post facto clause of both the United States and Tennessee constitutions. Ex. 3

27. In response, Plaintiff received a letter from the TBI which stated, without explanation, that his Indiana conviction for "child molestation" "would constitute a 'Violent sexual offense' if it occurred in Tennessee, and it requires a designation as a 'Offender against children' because the victim of the offense was twelve (12) years of age or less." Ex. 4

**Plaintiff should have never been required to be in the Tennessee SOR**

28. Plaintiff should never have been on the Tennessee SOR at all because the elements of "child molestation" in Indiana are very different that any Tennessee sex offense in effect in 1987. In that aspect, Plaintiff's situation is much like the Jane Doe in *Doe v. Lee et al*, Federal District Court for the Middle District of Tennessee, No. 3:23-cv-00965.

29. T.C.A. §49-39-202(1) states that "A conviction . . . for a offense committed in another jurisdiction that would be classified as a sexual offense or violate sexual offense if committed in this state shall be considered a conviction for the purposes of this part."

30. Because both T.C.A. §40-39-202(20) "sexual offense" and §202(31) "violent sexual offense" state explicitly that "the commission of any that that . . . constitutes the criminal offense" of a long list of statutory offenses, in order for a out of state conviction to be classified as a sexual or violent sexual offense, the ELEMENTS of the out of state conviction must EXACTLY MATCH one of the enumerated crimes in §40-39-303(20)(B) or (31) . See *Miller v. Gywn*, No.

E201700784-COA-R3-CV, 2018 WL 2332050, at *4 (Tenn. Ct. App. May 23, 2018) (quoting *Livingston v. State*, No. M2009-01900-COA-R3-CV, 2010 WL 3928634, at *5 (Tenn. Ct. App. Oct. 6, 2010)).

31. The closest 1982 Tennessee statute (the statute in effect on January 31, 1987) to Indiana's "child molestation" seems to be contained in 39-2-607. Section 607 states that "sexual battery is unlawful sexual contact with another person accompanied by any of the circumstances listed in §39-2-604(a)." The "circumstances" in 1982 version of §604(a) list the following circumstances: (1) force or coercion is used to accomplish the act; (2) the actor knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless and (3) the actor accomplished sexual penetration by fraud." There was no Indiana statute in effect in 1987 for "child molestation"--the closest statute is for "child solicitation" Indiana Code 35-42-4-6. Indiana Code 35-42-4-6 states that "A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under twelve (12) years of age to engage in: (1) sexual intercourse, (2) deviate sexual conduct, or (3) any fondling or touching intended to arouse or satisfy for sexual desires of either the child or the older person . . . ."

32. Thus, because there are numerous differences in the elements of the Tennessee crime and the Indiana crime, Plaintiff should never have been placed on the SORA.

33. Further, there is NO STATUTORY AUTHORITY for the TBI Sex Offender Registry Unit to base their determination "on a partial overlap of offenses."

34. Moreover, even if there is a concept of "a partial overlap of offenses", as Judge Trauger stated in *Jane Doe v. Lee and Rausch,* that "a statute that permits application of the registry based on partial overlap of offenses, but which provides no intelligible standard for assessing that overlap, is unworkably vague."

35. Because the conviction classifications provisions of the SOR "lack sufficient specificity as applied" to Plaintiff, Plaintiff should never have been on the Tennessee SOR.

**Plaintiff should have been removed from the Tennessee SOR after being on the SOR for 10 years as a "sexual offender."**

36. Because, until April 2025, Plaintiff was classified as a sexual offender and has been on registered for more that 10 years with the TBI (and has had ZERO negative reports or new crimes), the TBI should have removed Plaintiff from the SOR.

**The reclassification of Plaintiff as a "violent sexual offender" is an arbitrary and capricious action by the TBI**

37. The reclassification of Plaintiff as a "violent sexual offender" is an arbitrary and capricious action by the TBI because it occurred years after Plaintiff was initially classified.

38. Further, Plaintiff's reclassification as a "violent sexual offender" suffers from the same problem as him being classified as a "sexual offender" initially—no authority classifying anyone based on "a partial overlap of offenses" theory and even then, such a theory which provides no intelligible standard for assessing that overlap, is unworkably vague."

**The TBI's recent designation of Plaintiff as "an Offender against children" is punitive and prohibited by the ex post facto clause of both the United States and Tennessee constitutions.**

39. The Tennessee legislature did not create the SOR classification of "offender against children" until 2014 and requires that an offender classified as an "offender against children" register with the SOR for life. T.C.A. §40-39-207(g)(2),

40. Application of the "offender against children" label to Plaintiff is punitive per *Snyder* and therefore cannot be applied retroactively to Plaintiff because it violates the Ex Post Facto clause of both the United States and Tennessee constitutions.

**Director Rausch**

41. Defendant David Rausch is the Director of the TBI. He is named as a Defendant in his official capacity.

42. Under the Act, TBI is charged with maintaining the state's sex offender registry

("SOR"). *See* Tenn. Code Ann. § 40-39-204(a) &(d); Tenn. Code Ann. §40-39-206(a); Tenn. Code Ann. § 40-39-202(22). TBI is also tasked with enforcing many of the Act's key provisions, including maintaining and publishing a centralized record system, *see* Tenn. Code Ann. § 40-39-204(a); designing, printing, and distributing registration forms, *see* Tenn. Code Ann. § 40-39-205(a); keeping offenders informed of the registration, verification, tracking requirement, and sanctions under the Act, *see* Tenn. Code Ann. §40-39-205(f); notifying law enforcement when an offender is not in compliance with the Act, *see* Tenn. Code Ann. § 40-39-206(b); determining whether offenses committed in a jurisdiction outside Tennessee require a person to register, *see* Tenn. Code Ann. §40-39-202(1); determining whether a registrant is a "sexual offender" or "violent sexual offender" and therefore the length of their registry requirement, see Tenn. Code Ann. §40-39-202(19),(20),(30); and, processing offender requests to be removed from the registry, *see* Tenn. Code. Ann. §40-39-207(a)(1).

43. Further, as this Court found in *Jane Doe v. Lee and Rausch,* Federal District Court for the Middle District of Tennessee, No. 3:23-cv-00965, "when the Sixth Circuit held [in *Doe v. Lee,* 102 F.4th 330, 336 (6th Cir. 2024)] held that the Governor was not appropriate defendant in a registry-related challenge, it simultaneously held that the Direct is an appropriate target for such a suit, as long as the suit itself is sufficiently connected with the Director's implementation authority."

**Commissioner Long**

44. Defendant Jeff Long is the Tennessee Commissioner of Safety and Homeland Security whose office is in the Middle District of Tennessee. He is sued in his official capacity.

45. In 2008, the Tennessee legislature passed legislation which stated that "when the department [of Safety] issues or renews a driver license or photo identification card to a sexual offender, violent sexual offender or violent sexual juvenile offender . . . the drive license or photo

identification card shall bear a designation sufficient to enable a law enforcement officer to identify the bearer of the license or card as a sexual offender, violent sexual offender or violent juvenile sexual offender." Exhibit 3, 2008 Public Acts, Public Chapter 1143.

46. As a result of Public Act 1143, now codified as T.C.A.§55=50-353(a), the Department of Safety and Homeland Security started putting "88" on the line "restrictions" to indicated sex offenders. Exhibit 4, sample Tennessee sex offender driver license.

47. As a result of T.C.A. §55-50-353(a), Plaintiff has "88" on his Tennessee driver license or identification card.

48. Plaintiff submits that T.C.A. §55-50-353(a) is punitive and similar in intent to Hester Prynne's red "A" in The Scarlet Letter, "notching" and "branding" thieves in Colonial Williamsburg and patches worn by targeted groups in Nazi Germany. See Marina D. Barron, Identity Crisis: First Amendment Implications of State Identification Card and Driver's License Branding for Registered Sex Offenders, 89 Brook. L. Rev. 261, 285-290 (2023). https://brooklynworks.brooklaw.edu/blr/vol89/iss1/6

49. The Commissioner of the Department of Safety is an appropriate Defendant to seek declaratory and injunctive relief from retroactively enforcing the punitive statute T.C.A. §55-50-353(a) to Plaintiff because his offenses occurred prior to T.C.A. §55-50-353(a) being enacted.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(Violation of Procedural Due Process—Lack of Challenge to Placement on Registry: 42 U.S.C. § 1983)

### "As Applied" and Facial Challenge

50. Plaintiff restates and incorporates by reference the preceding paragraphs above as is fully set forth herein.

51. John Doe (JLB) has a protected liberty interest in being free from the stigmatizing, punitive, and invasive restrictions on their lives from being publicly labeled a "sex offender" by Defendants and having to comply with registration requirements.

52. Defendants have now publicly labeled John Doe (JLB) a "violent sex offender" and forced him to comply with the Act's requirements for the rest of his life. This classification determination and resulting subjugation of John Doe (JLB) by Defendants constitutes a deprivation of his protected liberty interest.

53. John Doe (JLB)'s classification and reclassification determination by Defendants took place without his participation in a process that involved the factual and legal analysis of the facts underlying his conviction by an unknown individual at the "TBI Sex Offender Registry Unit."

54. John Doe (JLB did not have an opportunity under the Act to establish that their conviction and/or underlying conduct is not "an act which constitutes the offense of" any of the specifically enumerated, qualifying Tennessee offenses.

55. Because the classification process takes place whenever a non-Tennessee conviction is involved John Doe (JLB) had his procedural due process rights violated by the Act's operation. There is no set constitutionally sufficient circumstances under which the routine determination in accordance with the Act of whether a non- Tennessee offense – or conduct underlying such an offense – is "an act which constitutes the offense of" any of the qualifying, specifically enumerated Tennessee offenses could be reached.

56. Accordingly, the Act is unconstitutional as applied to John Doe (JLB).

57. On this basis, the Court should halt the operation of the Act with respect to John Doe (JLB) and any similarly situated individual because they have been deprived of their liberty without due process.

## SECOND CLAIM FOR RELIEF

(Violation of Due Process—Vagueness: 42 U.S.C. § 1983)

58. Plaintiff restates and incorporates by reference the preceding paragraphs above as is fully set forth herein.

59. The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing laws that are unconstitutionally vague. As a matter of due process, statutory requirements must be written with sufficient specificity that persons of common knowledge are not left to guess at their meaning. Under Sixth Circuit law, laws are impermissibly vague when they deny fair notice of the standard of conduct by which the citizen is to be held accountable or gives law enforcement officials an unrestricted delegation of power which leaves the definition of its terms to them.

60. Under the Act, the determination of whether a non-Tennessee law offense is "an act that constitutes the criminal offense of" a qualifying Tennessee offense is made in the sole discretion of the TBI through a process in which John Doe (JLB) was not allowed to participate. In other words, the TBI enjoys an unrestricted delegation of power to define the standard of conduct by which these impacted citizens are held to account.

61. By carving out space for this ultra-governmental process, the Act intentionally and systematically denies impacted citizens fair notice of whether a non-Tennessee offense would meet the standard of conduct which qualified them to register as a sex offender or violent sexual offender in Tennessee.

62. As Judge Trauger stated in the Jane Doe case, SORA "gives no guidance regarding the extent or type of overlap that must occur between a federal offense and the corresponding Tennessee offense in order for a registration obligation to arise. For example, the Act itself speaks in terms of whether the potential registrant's prior "offense" resulting in a conviction "would be classified

as a sexual offense" in Tennessee, but it does not say whether that comparison should be performed by looking at the underlying *actions* or the underlying *statutes*."

63. Judge Trauger went further

Tennessee courts have suggested that the latter course is called for and that, when the Director considers how to classify a non-Tennessee conviction under the Act, he should "look to the elements of the offense [of conviction] to determine its classification in Tennessee." Miller v. Gywn, No. E201700784-COA-R3-CV, 2018 WL 2332050, at *4 (Tenn. Ct. App. May 23, 2018) (quoting Livingston v. State, No. M2009-01900-COA-R3-CV, 2010 WL 3928634, at *5 (Tenn. Ct. App. Oct. 6, 2010)). That edict, however, does not resolve the question of how the statutes must be compared. In this instance, TBI conceded that the statutes involved different elements [which is exactly the situation with John Doe (JLB)'s 1987 conviction and any Tennessee sex offense statute], but it apparently found the overlap to be sufficient—for reasons it did not significantly or clearly explain.

64. Just like in Jane Doe case, the Sex Offender Registry Unit's June 23, 2025 letter "doomed John Doe (JLB) to a lifetime on the registry based only on the Unit's unilateral, unelaborated interpretation of an ambiguous statute."

65. Judge Trauger concluded that this "is as convincing an illustration as one is likely to find of exactly how vague statutes can result in dangerous delegations of discretion. A statute that permits application of the registry based on partial overlap of offenses, but which provides no intelligible standard for assessing that overlap, is unworkably vague."

66. Therefore, the Act is unconstitutionally vague and should be prohibited from operation against John Doe (JLB) being required to register for a non-Tennessee offense.

### THIRD CLAIM FOR RELIEF

(Violation of the Ex Post Facto Clause: 42 U.S.C. §1983)

### "As Applied" Challenge

67. Plaintiff restates and incorporates by reference the preceding paragraphs above as is fully set forth herein.

68. For the purposes of the Ex Post Facto clause, according to the 6th Circuit, portions of

the Act are punishment. See *Does #1-9 v Lee and Rausch,* 102 F.4th 330, 336 (6th Cir. 2024).

69. The retroactive application of the Act through the 2014 amendment, therefore, violates the Ex Post Facto Clause of the U.S. Constitution, Art. I, §10, cl. 1, because it makes more burdensome the punishment imposed for offenses committed prior to its enactment.

70. 2014 Tenn. Pub. Act ch. 770 § 2 enacted Tenn. Code. Ann. § 40-39-202(10) and Tenn. Code. Ann. § 40-39-207(g)(2)(C), which created "offender against children" status and the requirement lifetime registry for any offender whose victim was 12 years old or younger.

71. To the extent that the TBI based the lifetime registry requirement for John Doe (JLB) on the age of the minor victim in his case – Tenn. Code. Ann. § 40-39-202(10) and Tenn. Code. Ann. § 40-39-207(g)(2)(C) – then this action is unconstitutional on *ex post facto* grounds since John Doe (JLB)'s conviction occurred in 1987 predating the 2014 passage and creation of "offender against children" status.

72. Because the TBI refuses to comport with procedural due process in its determination of registry requirements, the specific basis of John Doe (JLB)'s lifetime requirement is not known.

73. Accordingly, the retroactive application of "offender against children" status to Ms. Doe is a violation of the ex post facto clause of the United States Constitution and should be prohibited.

74. Therefore, the Court should order the immediate halt to any application of "offender against children" status and all associated requirements to John Doe (JLB).

75. In addition, the 2008 Act (now T.C.A.§55-50-353(a)) requiring all sex offenders to have a driver license that "bear a designation sufficient to enable a law enforcement officer to identify the bearer of the license or card as a sexual offender, violent sexual offender or violent juvenile sexual offender" is punitive and any retroactive application of the statute violates the Ex

Post Facto Clause of the U.S. Constitution, Art. I, §10, cl. 1, because it makes more burdensome the punishment imposed for offenses committed prior to its enactment.

76. Therefore, the Court should enjoin the Tennessee Department of Safety from requiring the "Code 88" designation from Plaintiff's driver license.

## III. REQUESTS FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1. Issue a judgment declaring that the Act's requirements that Plaintiff, who was convicted of an offense in Indiana in 1987 that has no Tennessee statutory equivalent, be removed from the SORA completely because Plaintiff's designation as a sex offender violates his Substantive and Procedural Due Process Rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and issue a permanent injunction restraining Defendant from enforcing the Act against Plaintiff and removing Plaintiff from the sex offender registry (First Claim for Relief);

2. Issue a judgment declaring that the Act is void due to vagueness under the Due Process Clause of the Fourteenth Amendment, and issue an injunction restraining Defendants from enforcing those provisions of the Act that are unconstitutional vague against Plaintiff (Second Claim for Relief);

3. Issue a judgment declaring that portions of the Act and T.C.A.§55-50-353 are punitive and violate the Ex Post Facto Clauses of the United States Constitution by retroactively imposing both the punishment of "offender against children" status (passed into law in 2014) and the "Code 88" designation (passed in 2008) to John Doe (JLB) due to his 1987 Indiana conviction and issue a permanent injunction restraining Defendants from applying such status and driver license requirements to John Doe (JLB). (Third Claim for Relief);

4. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in bringing

this action, pursuant to 42 U.S.C. § 1988; and,

     5.     Grant such other relief as the Court finds just and proper.

Dated: July 9, 2025.

Respectfully submitted:

*/s/ John B. Nisbet III*
John B. Nisbet III  BPR No. 13364
P.O. Box 266
Cookeville, Tennessee 38503
931.267.6203
nisbetcle@gmail.com

Plaintiff's Counsel